IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| OYO HOTELS, INC., § § Plaintiff, § § v. § § INTOWN ORLANDO GSN, INC. § § Defendant. § | CIVIL ACTION NO. 6:21-cv-1492 |

## ORIGINAL COMPLAINT

Plaintiff OYO Hotels, Inc. files this Original Complaint against Defendant Intown Orlando, GSN Inc., and would respectfully show the Court as follows:

### PARTIES

1. Plaintiff OYO Hotels, Inc. (herein, "OYO") is a Delaware corporation with its principal place of business in Dallas, Texas. Accordingly, Plaintiff is a citizen of the states of Delaware and Texas.

2. Defendant Intown Orlando GSN, Inc. (herein, "Intown Orlando" or "Defendant") is a Florida profit corporation with its principal place of business in Orlando, Florida. Accordingly, Defendant is a citizen of the state of Florida. Summons may be served on Nishad Khan PL, its registered agent for service, at registered agent's address – 617 E. Colonial Drive, Orlando, Florida 32803 –

pursuant to Federal Rule of Civil Procedure 4(h)(1).

## JURISDICTION

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. Plaintiff is a citizen of the states of Delaware and Texas. Defendant is a citizen of the State of Florida.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant is a corporation with its principal place of business within this district.

5. Additionally, venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

6. Intown Orlando owns and operates a hotel facility located at 7100 S. Orange Blossom Trail, Orlando, Florida 32809 (herein, the "Hotel").

7. On or about January 28, 2020, OYO and Intown Orlando entered into the certain Marketing, Consulting and Revenue Management Agreement (the "MOCA"). OYO and Intown Orlando executed a First Amendment to MOCA on or about January 30, 2020. On or about August 6, 2020, OYO and Intown Orlando executed a Second Amendment to the MOCA. The MOCA, the First Amendment to MOCA, and Second Amendment to MOCA are referred to

collectively herein as the "Agreement." A copy of the Agreement is attached hereto as <u>Exhibit 1</u>, and incorporated fully herein by reference.

8. Under the Agreement, among other salient terms, OYO would provide the "Facility Owner" (here, Intown Orlando) with an up-front capital contribution (the "Capital Improvement Investment") to make required property improvements and then provide revenue management, marketing and online booking services for the Hotel.

9. In return, Intown Orlando agreed, among other salient terms, that it would timely complete the required property improvement work, that OYO had the exclusive right to set room rates, that all rooms at the Hotel would be available on the OYO platform, that all reservations and bookings would go through the OYO platform, and that all revenue for the property would be recorded through the OYO OS system. The scope of the required property improvements (the "transformation work") was set forth in Exhibit A to the Agreement. The Agreement required that the transformation work be completed on or before September 15, 2020. MOCA Second Amd. § III.

10. The Agreement provided that it would be governed by the laws of the State of Texas. MOCA § 7.

11. The Agreement also stated that either party may terminate the Agreement without assigning cause by giving the other party a prior written notice of thirty (30) days, and that in the event such termination is made during

the Initial Term by the Facility Owner (here, Intown Orlando) or by OYO in case of breach of the Agreement by Intown Orlando that Intown Orlando shall pay OYO an amount that is equal to 1.5 times the unamortized portion of the Capital Improvement Investment (the "Termination Fee"). MOCA Second Amd. § VII.

12. The parties agreed that the Capital Improvement Investment would be equal to $212,036. MOCA Second Amd. § II. OYO fully satisfied its obligation to provide Capital Improvement Investment. MOCA Second Amd. § VI.

13. On November 18, 2020, Intown Orlando sent written correspondence to OYO terminating the Agreement with an effective date of November 20, 2020.

14. On December 22, 2020, OYO sent Intown Orlando written correspondence acknowledging the termination, reminding Intown Orlando of its obligation to pay the outstanding recoveries due and owing including the Termination Fee in the amount of $310,778, and demanding payment of the same.

15. To date, Intown Orlando has failed to pay the Termination Fee to OYO.

16. All conditions precedent OYO's recovery have been performed or have occurred as required by applicable law.

## CAUSES OF ACTION

### COUNT ONE– BREACH OF CONTRACT

17. OYO incorporates by reference herein the factual allegations and matters set forth in the preceding paragraphs.

18. Per the Agreement, OYO and Intown Orlando were parties to a valid and enforceable contract, here the Agreement.

19. Intown Orlando materially breached the Agreement by failing to pay the Termination Fee when due or upon demand.

20. OYO performed, tendered performance of, or was excused from performing its obligations under the Agreement

21. As a direct and proximate result of Intown Orlando's breach of the Agreement, OYO has been directly damaged in the amount of at least $310,778, plus pre-judgment interest from the date of this filing, along with OYO's reasonable and necessary attorney's fees and costs from Intown Orlando.

### COUNT TWO – RECOVERY OF ATTORNEYS' FEES

22. OYO incorporates by reference herein the factual allegations and matters set forth in paragraphs 1-16 and 18-21.

23. As a result of Intown Orlando's breach of its obligation to pay the Termination Fee in the Agreement, OYO has been forced to retain counsel to proceed with this litigation. Therefore, OYO seeks reimbursement for its reasonable and necessary attorneys' fees pursuant to the parties' written

agreement and applicable law, including section 38.001, et seq. of the Texas Civil Practice & Remedies Code.

**PRAYER**

WHEREFORE, Plaintiff OYO Hotels, Inc. respectfully requests that Defendant Intown Orlando GSN, Inc. be cited to appear and answer herein and that upon final hearing of this case, Plaintiff have judgment against Defendant, and be awarded the following:

1) any and all actual and/or economic damages resulting from the conduct complained of herein, as set forth above;

2) equitable relief to the extent permitted by law;

3) reasonable attorney's fees and court costs, at all levels of the legal process;

4) any and all recoverable or taxable costs to the extent permitted by law;

5) pre-judgment and post-judgment interest thereon at the highest rate per annum allowed by law and statute;

6) for all costs of court; and

7) for such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Date: September 9 2021.

        Respectfully submitted,

        By: */s/ Dineen Pashoukos Wasylik*
        Dineen Pashoukos Wasylik, FBN 0191620
        **DPW LEGAL**
        P.O. Box 48323
        Tampa, FL  33646
        P: 813-778-5161; F: 813-907-3712
        dineen@ip-appeals.com
        service@ip-appeals.com

        Meagan Martin Powers
        (seeking admission *pro hac vice*)
        Texas State Bar No. 24050997
        **MARTIN POWERS & COUNSEL, PLLC**
        600 East John Carpenter Fwy, Suite 234
        Irving, Texas 75062
        Telephone: (214) 612-6474
        Direct Line: (214) 612-6471
        Facsimile: (214) 247-1155
        meagan@martinpowers.com

        **COUNSEL FOR PLAINTIFF**
        **OYO HOTELS, INC.**